**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS PATRICK CLAEYS,

　　Plaintiff - Appellant,

v.

CHRISTIAN MOHR; JIM WOOLF,

　　Defendants - Appellees.

No. 16-1285
(D.C. No. 1:14-CV-01174-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

　　Thomas Patrick Claeys appeals from the district court's grant of summary judgment in favor of defendants Christian Mohr and Jim Woolf on his 42 U.S.C. § 1983 claims for malicious prosecution and unreasonable search and seizure. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I. Background

　　Woolf, a detective with the Clear Creek County Sheriff's Office, began investigating the murder of Conrad Crall in October 2010. Mohr, a detective with the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado Bureau of Investigation, was assigned to help with the murder investigation in February 2012.

Claeys was arrested in April 2012 for the first degree murder and kidnapping of Crall. In support of the arrest warrant, Mohr submitted a probable cause affidavit that described information obtained during the investigation, including statements made by Claeys' alleged accomplice, Shawn Sheeley. These statements were also included in a probable cause affidavit for the search warrant for Claeys' property.

Investigators identified Sheeley as a person of interest in Crall's murder when cell phone records showed that Sheeley's cell phone was the last number to communicate with Crall's phone on the day he disappeared (September 20, 2010). The cell phone records also showed that Sheeley called Claeys' residence that same day. According to cell tower mapping information, Sheeley's and Crall's phones came closer together on the afternoon of September 20th. The mapping information then showed Sheeley's phone traveling up into the mountains—where Crall's body was ultimately found—and then back down.

Mohr arranged to interview Sheeley. During the interview, Sheeley falsely told the detectives that he and Claeys had planned and carried out Crall's murder. He told the investigators that Claeys hated Crall and wanted to kill him. He then gave them details of what happened that day, including how the two men lured Crall to a gas station in Denver and then drove him into the mountains. He then said that Claeys shot Crall with a shotgun in the groin and head and also shot him with a handgun in the back.

After Claeys was arrested, the murder investigation continued because the defendants believed that others may have been involved in the murder. Mohr subsequently interviewed Jesus Jamie Reyna, who confessed that he had driven Sheeley and Crall to the location where Crall was killed. Reyna did not, however, implicate Claeys in the murder. Sheeley and Reyna ultimately pleaded guilty to killing Crall. The charges against Claeys were dropped and he was released from custody in August 2012.

Claeys subsequently filed this § 1983 action. In his amended complaint, he alleged that the defendants manufactured inculpatory evidence to link Claeys to the murder by promising Sheeley leniency if he would implicate Claeys in the murder. He also alleged that defendants failed to disclose exculpatory evidence in the arrest and search warrants "for the purpose of concocting probable cause." Aplt. App., Vol. 1 at 30. He asserted that defendants' actions violated his Due Process and Fourth Amendment rights, resulting in his malicious prosecution and an unreasonable search and seizure of his property. Defendants moved for summary judgment, arguing that they were entitled to qualified immunity because the arrest warrant and search warrant were supported by probable cause at the time they were issued. The district court granted defendants' motions. Claeys now appeals.

II. Discussion

We review de novo the district court's grant of summary judgment, viewing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party. *Jones v. Norton*, 809 F.3d

3

564, 573 (10th Cir. 2015), *cert. denied*, 137 S. Ct. 197 (2016).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

In its order granting summary judgment, the district court first concluded that there was "no evidence that Defendants intentionally—by way of offers of leniency or other coercive pressures—included false information in the affidavits." Aplt. App., Vol. 5 at 1313.  The court next determined that there was no evidence that defendants had a reckless disregard for the truthfulness of Sheeley's statements; the court noted that Sheeley provided the defendants with numerous facts about the crimes that had not been otherwise suggested to him and admitted his own criminal activity in allegedly helping Claeys kidnap and murder Crall.

Finally, with respect to Claeys' argument that the probable cause affidavit omitted material information, the court explained that "a finding of probable cause necessary to support a warrant may be predicated entirely on the confession of a self-confessed co-conspirator, without running afoul of the Constitution."  *Id.* at 1314 (internal quotation marks omitted).  The court did, however, consider the additional evidence Claeys referenced, but because it conflicted with other information the defendants obtained during the investigation (outside of Sheeley's statements), the court concluded that the additional evidence would not have been dispositive and would not have outweighed Sheeley's inculpatory statements.  The court therefore determined that summary judgment was appropriate because there was no disputed

4

issue of material fact as to whether the arrest or search warrants were supported by probable cause at the time they were executed.

We note that almost all of the argument section in Claeys' appellate brief is a verbatim copy of the argument section in his combined response to defendants' summary judgment motions.[1] *Compare* Aplt. Br. at 20-31 *with* Aplt. App., Vol. 2 at 556-65. This approach "inherently fails to address in a direct way the decision under review and, as result, does not effectively come to grips with the district court's analysis of the deficiencies in [his] case." *Semsroth v. City of Wichita*, 555 F.3d 1182, 1186 n.5 (10th Cir. 2009). In the sparse new material that Claeys has added to his argument section on appeal, he argues generally that the district court improperly weighed the evidence and resolved factual disputes. We disagree. Having reviewed the briefing on appeal, the relevant portions of the record, and the applicable law, we see no reversible error. Accordingly, we affirm for substantially the same reasons stated by the district court in order and opinion dated June 8, 2016.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1] Claeys gave away his cut-and-paste job by continually citing to various "Exhibit[s]" throughout his argument section, instead of referring to the appropriate page numbers from his appendix. *See* Aplt. Br. at 22-27. Moreover, by not updating his citations to refer to the appendix, Claeys' brief fails to comply with Fed. R. App. P. 28(e), which provides that "[r]eferences to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix."