FILED
**Aug 31, 2018**
**09:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Teresa Sims | ) | Docket No. 2018-06-0105 |
| | ) | |
| v. | ) | State File No. 66673-2016 |
| | ) | |
| Fred's, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Remanded - Filed August 31, 2018

---

The employee, a manager of a pharmacy, suffered injuries when she fell from the cab of a truck that was delivering merchandise to her store. The employer accepted the claim and provided workers' compensation benefits. An authorized physician recommended surgery to treat the employee's foot injury but the surgery was not performed due to the employee's uncontrolled diabetes. The employer denied it was responsible for providing medical treatment to bring the employee's diabetes under control and suspended benefits until she was able to undergo the recommended surgery. The trial court concluded the employee's need for surgery was causally related to her work accident and ordered the employer to pay for the treatment needed to bring her diabetes under control to effectuate her foot surgery. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

James H. Tucker, Jr., Nashville, Tennessee, for the employer-appellant, Fred's, Inc.

Zachary D. Wiley, Nashville, Tennessee, for the employee-appellee, Teresa Sims

Teresa Sims ("Employee") worked as a pharmacy manager for Fred's, Inc. ("Employer"). On August 29, 2016, Employee was retrieving paperwork from the interior of a truck that was making deliveries to her store. As she was getting out of the truck, she fell, suffering multiple injuries, including a fractured heel bone in her right foot. Employer accepted the claim as compensable and provided medical and temporary disability benefits.[2]

The physician authorized to treat Employee's foot, Dr. Roger Passmore, recommended corrective surgery. However, Employee suffered from uncontrolled diabetes, and she was not cleared for surgery. Subsequently, Employer suspended Employee's benefits due to her alleged noncompliance in failing to accept the medical care recommended for treating her foot injury.

Employee filed a petition requesting that Employer be required to pay for the treatment necessary to bring her diabetes, a longstanding condition for approximately twenty-five years, under control so she could proceed with the recommended surgery. Employer responded that Employee's diabetes was a condition that pre-existed the work accident and was not made worse by the work injury. Employer also pointed out that Employee had a history of noncompliance with physicians' recommendations for treating her diabetes and argued it should not be responsible for treating a condition wholly unrelated to the work accident.

Following an expedited hearing, the trial court concluded that the work injury to Employee's foot rendered treatment for her diabetes reasonable, necessary, and causally related to the employment. Therefore, the trial court ordered Employer to provide treatment necessary to bring Employee's diabetes under control. Employer has appealed. However, as explained below, we are unable to reach the merits of this appeal and, therefore, affirm the trial court's decision.

Except for the name of the document, Employer's appellate brief is a verbatim copy of the brief it filed in the trial court. As a result, we are unable to determine the manner in which Employer alleges the trial court erred in deciding the case. Indeed, because Employer's brief on appeal is identical to the brief filed in the trial court prior to the expedited hearing, the trial court's findings of facts and conclusions of law are not

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Prior to the surgical recommendation at issue in this appeal, Employee underwent medical treatment for other injuries she sustained in the accident, including surgery, for which Employer authorized and paid.

analyzed or even mentioned. Relying on a pre-trial brief on appeal "inherently fails to address in a direct way the decision under review and, as [a] result, does not effectively come to grips with the [trial] court's analysis." *Claeys v. Mohr*, 681 Fed. Appx. 691, 693 (10th Cir. 2017). *See also Nashville v. Patton*, 143 S.W. 1131, 1133-34 (Tenn. 1911) (filing the same brief as filed in the lower court is a "practice, if tolerated, [that] simply permits a litigant to have two chances to win upon the same presentation" as opposed to giving "attentive consideration of the work accomplished by the [lower court] in the particular case, and a careful formulation of the objections to that work").

Aside from being a verbatim copy of its pre-trial brief, Employer's brief does not cite any authority, refer to any testimony presented at the expedited hearing, explain how the trial court's analysis is incorrect, or ask for any relief from the trial court's decision. The trial court's decision is not even mentioned. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Consistent with this settled principle, we decline to speculate on what arguments Employer might have made regarding the trial court's rationale for its decision. Reversing the trial court, which we assume Employer wants us to do, would require us to develop arguments Employer does not make and research and cite relevant case law and statutes Employer does not. This we cannot and should not do. *See id.*

The decision of the trial court is affirmed and the case is remanded. Employee's request that we award attorney's fees and costs for a frivolous appeal pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018) is denied.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Teresa Sims | ) | Docket No.  2018-06-0105 |
|---|---|---|
| | ) | |
| v. | ) | State File No.  66673-2016 |
| | ) | |
| Fred's Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of August, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Zachary Wiley | | | | | X | zwiley@forthepeople.com |
| James Tucker | | | | | X | jtucker@manierherod.com |
| Joshua D. Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov